UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL BISHUDHANAND,** : | |
|     **Plaintiff,** : | |
| : | |
|     v. : | No. 25-cv-3255 |
| : | |
| **NATIONAL FLOORS DIRECT,** : | |
|     **Defendant.** : | |

### MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                **July 8, 2025**
**United States District Judge**

      Plaintiff Michael Bishudhanand brings this breach of contract action against National Floors Direct pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332. (Compl., ECF No. 2.) He alleges that National Floors Direct agreed to change his carpeted floors to wood for $17,500, but that the company did not complete the work and damaged the kitchen in the process, requiring Bishudhanand to hire another contractor to finish the job. (*Id.* at 3.) Bishudhanand seeks $7,000 in damages "for an incomplete job they didn't finish and all of the trouble they cause[d] [him]." (*Id.* at 4.)

      "It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). Indeed, the Federal Rules of Civil Procedure require the Court to dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty" to raise them on their own. *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As Bishudhanand is representing himself, the Court construes his allegations liberally. *Vogt v.*

*Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

The jurisdictional provision pursuant to which Bishudhanand brings his lawsuit is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("In reviewing the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938))).

The amount in controversy here falls far short of the legal threshold, since Bishudhanand seeks damages in the amount of $7,000 in connection with a contract for $17,500 worth of work. For this reason, the Court lacks the authority to resolve Bishudhanand's claim.  However, his case will be dismissed without prejudice so that he may file it in state court if he chooses to do so.  He will not be given leave to amend in this Court because he cannot cure the jurisdictional defect.

An Order follows, which dismisses this case.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**